UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GLEN HUELSKAMP and ) | |
| HUELSKAMP, LLC, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | 1:07-cv-028-LJM-WTL |
| ) | |
| COLUMBIA AIRCRAFT MANUFACTURING, ) | |
|     Defendant. ) | |

**ORDER ON MOTION TO DISMISS**

    This cause is before the Court on defendant's, Columbia Aircraft Manufacturing ("Columbia"), Motion to Dismiss for Lack of Jurisdiction, Lack of Personal Jurisdiction, Improper Venue or, Alternatively, Under Doctrine of *Forum Non Conveniens*. Plaintiffs, Glenn Huelskamp (Huelskamp) and Huelskamp, LLC, are citizens of Indiana and Columbia is a citizen of Oregon. In this diversity case Huelskamp asserts a breach of contract count, a claim for misrepresentation, false advertisement, fraud, conversion, and theft. In the jurisdictional statement of the Complaint, Huelskamp asserts that the parties are diverse and makes no allegation about the amount in controversy. In the prayer for relief, however, Huelskamp asks only for $45,000.00 in costs and attorney fees.

    Columbia has moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (3). When a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating jurisdiction exists. *Health Mgmt. Prof'ls, Inc. v. Diversified Bus. Enters., Inc.*, 882 F. Supp. 795, 797 (S.D. Ind. 1995). A court may receive and consider affidavits and other documentary evidence when making a ruling regarding jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997); *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1124 (7th Cir. 1983). However, the court must accept as true all of a plaintiff's undenied factual assertions and resolve in its favor any

disputes regarding relevant facts. *See RAR, Inc.*, 107 F.3d at 1275; *Neiman v. Rudolf Wolff & Co.*, 619 F.2d 1189, 1191 (7th Cir. 1980).

Columbia first alleges that this Court lacks jurisdiction over this diversity case because the amount in question does not exceed the $75,000.00 jurisdictional floor. Columbia accurately points out that, in order for a court to assert diversity jurisdiction, the amount in controversy must exceed $75,000.00 exclusive of interest and costs. Huelskamp asserts that the treble damages available under conversion statute and the request for attorney fees push the case over the limit.

Huelskamp correctly cites *Oshana v. Coca-Cola Co.,* 472 F.3rd 506 (7th Cir. 2006), for the proposition that attorney fees up to the time of removal count toward the jurisdictional amount. Even so, Huelskamp makes no effort to inform the Court of the amount of fees accumulated thus far. This Court cannot merely assume that Huelskamp's attorneys have accumulated over $30.000.00 of fees at this point in the case. For the reason that Huelskamp has not met his burden of showing the jurisdictional amount is in controversy, Columbia's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 2nd day of August, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Terrance Lamont Kinnard
KINNARD LAW OFFICE
tkinnard@kinnardlawoffice.com

Anne L. Cowgur
MCTURNAN & TURNER
acowgur@mtlitigation.com

Julianna Marie Plawecki
MCTURNAN & TURNER
jplawecki@mtlitigation.com